UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BREYON BROWN, | No. 2:21-cv-1816 JAM DB P |
| Petitioner, | |
| v. | ORDER |
| PAUL THOMPSON, | |
| Respondent. | |

Petitioner, a federal prisoner, proceeds without counsel with a petition for writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1.) Petitioner has paid the filing fee. Upon screening of the petition, it plainly appears the petition is both unripe and unexhausted. Petitioner will be given an opportunity to amend before the undersigned recommends dismissal of this case.

**I. Screening Standards**

In screening the petition brought under 28 U.S.C. § 2241, the court applies the Rule 4 framework of the Rules Governing Section 2254 Cases in the United States District Court. E.g., Battle v. Holbrook, No. 2:20-cv-01851-JAM-JDP, 2021 WL 4132336, at *1 (E.D. Cal. Sept. 10, 2021); see 28 U.S.C. foll. § 2254, Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."). In screening the petition, the court evaluates whether it "plainly appears" petitioner is not entitled to relief. See 28 U.S.C. foll. § 2254, Rule 4. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief," the petition must be dismissed. Id.

1

The court may summarily dismiss a petition for writ of habeas corpus on its own motion after providing the petitioner with adequate notice and an opportunity to respond. Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001). A court should not dismiss a petition for habeas corpus without leave to amend unless it appears no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam).

**II. Allegations in the Petition**

In what appears to be a form petition, petitioner claims he is entitled to relief under the First Step Act of 2018 in the form of additional sentence credits. Specifically, petitioner alleges he has accrued earned time credits which the Bureau of Prisons ("BOP") has not applied to his sentence. If these credits were applied, petitioner alleges, then his projected release date would be August 30, 2024. (ECF No. 1 at 1, 7.)

**III. Discussion**

**A. Background: The First Step Act**

The First Step Act, signed into law on December 21, 2018, allows eligible prisoners to earn time credits against their sentences for successfully completing certain "recidivism reduction programming" or "productive activities." 18 U.S.C. § 3632(d)(4); see Pub. L. No. 115-391, 132 Stat. 5194 (2018). The Attorney General was allowed 210 days after the enaction of the First Step Act to develop and publish the Risk Assessment Needs system for the BOP to use as a guide to implement the programs. 18 U.S.C. § 3632(a). The BOP then had until January 15, 2022, to "phase in" programming and provide evidenced based recidivism reduction programs and productive activities for all prisoners. Khouanmany v. Gutierrez, No. 5:21-cv-00989-JFW-JDE, 2021 WL 4394591, at *4 (C.D. Cal. Aug. 2, 2021); see 18 U.S.C. § 3621(h).

**B. Exhaustion**

Title 28 U.S.C. § 2241 does not itself contain an exhaustion requirement, and thus, exhaustion is not a jurisdictional prerequisite. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990). However, exhaustion of a prescribed remedy prior to seeking judicial relief can be judicially required. Laing v. Ashcroft, 370 F.3d 994, 997-98 (9th Cir. 2004). For prudential reasons, habeas petitioners seeking relief under 28 U.S.C. § 2241 are generally required to exhaust administrative

remedies prior to seeking habeas relief. Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012); Singh v. Napolitano, 649 F.3d 899, 900 (9th Cir. 2011) ("In order to seek habeas relief under section 2241, …a petitioner must first, 'as a prudential matter,' exhaust his or her available administrative remedies.").

Requiring a petitioner to exhaust administrative remedies (1) aids judicial review "by allowing the appropriate development of a factual record in an expert forum," (2) conserves "the court's time because of the possibility that the relief applied for may be granted at the administrative level," and (3) allows "the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings." Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983) (per curiam). Dismissal is appropriate when a federal prisoner has not exhausted the administrative remedies made available by the BOP. See Quinonez v. McGrew, 649 F. App'x 475 (9th Cir. 2016) (affirming district court's dismissal of § 2241 petition for failure to exhaust administrative remedies where petitioner "did not complete any level of the BOP's Administrative Remedy Program and there is no indication that his pursuit of those remedies would be futile").

Courts have discretion to waive the exhaustion requirement when administrative remedies are inadequate, when their exercise would be futile, or when irreparable injury would result without immediate judicial intervention. See Laing, 370 F.3d at 1000; Ward, 678 F.3d at 1045; see also Murillo v. Mathews, 588 F.2d 759, 762, n.8 (9th Cir. 1978) ("application of the rule requiring exhaustion is not jurisdictional, but calls for the sound exercise of judicial discretion,' [and] is not lightly to be disregarded") (citation omitted)). The court considers whether "'relaxation of the requirement would encourage the deliberate bypass of the administrative scheme.'" Laing, 370 F.3d at 1000 (citation omitted).

Here, petitioner does not allege he utilized or completed the administrative review process with respect to his present claim. Instead, the petition asserts exhaustion should not be required because the claim raises "a narrow dispute of statutory construction." (ECF No. 1 at 1.) In order to assert the claim, however, petitioner makes factual assertions as to his claimed participation in activities for which he earned time credits and the amount of earned time credits he thereby

accrued. (ECF No. 1 at 1, 7.) In light of the factual determinations necessary to resolve petitioner's claim, prudential concerns weigh against excusing compliance with the exhaustion requirement. See Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984) (affirming district court's refusal – due to lack of administrative exhaustion – to consider habeas petition based on failure to accord credit for time served where factual disputes rendered the record inadequate for judicial review).

The assessment of whether a prisoner's programming qualifies for earned time credit status under the First Step Act and, if so, to what extent, as well as how it affects the sentence, falls particularly within the BOP's expertise and should be undertaken by the agency before a federal court is asked to make such assessment and calculations on an undeveloped record. Petitioner's claimed release date is more than two years in the future and there is nothing that indicates administrative remedies would be futile or cause irreparable injury. For all these reasons, the administrative exhaustion requirement should not be waived in this case. See Laing, 370 F.3d at 1000; Bryson v. Copenhaver, No. 1:14-CV-00710-SMS, 2014 WL 3563400, at *3 (E.D. Cal. July 18, 2014) ("[T]he Court is mindful that relaxation of the exhaustion requirement would encourage the deliberate bypass of the administrative remedy scheme.").

If petitioner has not utilized available administrative remedies, that precludes the need for judicial review. As set forth below, petitioner will be given an opportunity to file an amended petition. If petitioner files an amended petition, the amended petition shall set forth whether petitioner has utilized BOP's administrative remedy process pertaining to his claim for the application of earned time credits.

**C. Ripeness**

The petition as currently pleaded is unripe because petitioner's claimed release date after application of the earned time credits he seeks is August 30, 2024. Federal courts are limited to deciding cases and controversies. U.S. CONST. art. III, § 2. Plaintiffs only have standing to sue if they present a legitimate "case or controversy," meaning the issues are "definite and concrete, not hypothetical or abstract." Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1139 (9th Cir. 2000). One component of the "case or controversy" requirement is that a claim must be ripe

for review. Bova v. City of Medford, 564 F.3d 1093, 1095-96 (9th Cir. 2009). "Ripeness is a constitutional prerequisite for jurisdiction; [a court has] no jurisdiction to review claims unless they are ripe." United States v. Streich, 560 F.3d 926, 931 (9th Cir. 2009).

The ripeness inquiry concerns whether adjudication of a dispute would be premature, causing the court to "entangle[e] [itself] in abstract disagreements." Thomas, 220 F.3d at 1138. Ripeness and standing overlap by both focusing on whether an injury is "real and concrete." Id. (quoting Gene R. Nichol, Jr., Ripeness and the Constitution, 54 U. CHI. L. REV. 153, 172 (1987)).

As petitioner's claimed release date is more than two years in the future, he alleges only a "future injury [that is] purely conjectural" at this time. Clinton v. City of New York, 524 U.S. 417, 431 (1998). Because plaintiff alleges entitlement to a release date more than two years in the future, plaintiff's claim is unripe. See Jacobo-Arizaga v. Thompson, No. 2:21-cv-1864-KJM-EFB-P, 2022 WL 542432, at *1 (E.D. Cal. Feb. 23, 2022) (dismissing with leave to amend a claim asserting entitlement to credits under the First Step Act as unripe because the petitioner claimed entitlement to release at a future date).

**IV. Conclusion and Order**

The petition for relief under 28 U.S.C. § 2241 is unripe. It also appears petitioner has not exhausted administrative remedies, which should not be excused in this case. Petitioner will be granted leave to file an amended petition to correct these deficiencies to the extent he can do so in good faith.

In accordance with the above, IT IS HEREBY ORDERED:

1. The petition for writ of habeas corpus (ECF No. 1) is subject to dismissal;

2. Petitioner may file an amended petition correcting the deficiencies identified herein within thirty days from the date of this order; an amended petition must bear the title "Amended Petition" and the case number assigned to this action, and must be complete in itself without reference to a prior pleading; failure to file a petition in compliance with this order (i.e., a petition with a ripe cognizable federal claim clearly stated and with exhaustion of BOP remedies clearly

////

1 | stated) within the allotted time will result in a recommendation the petition be dismissed and the
2 | action be terminated.
3 | Dated: April 12, 2022

*[Signature]*
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

4 | DLB7
    brow1816.scrn

6